Brian Stewart
SIEGFRIED & JENSEN
5664 S. Green Street
Murray, UT 84123
Main Office: 801-266-0999
Direct: 801-743-1569
Facsimile: 877-218-9068
E-Mail: brian@sjatty.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Matthews Rose, | **PLAINTIFF'S COMPLAINT** |
| *Plaintiffs*, | **Civil Action No.** _____ |
| v. | |
| Polaris Industries, Inc. and Daniels Summit Lodge, | |
| Defendants. | |

**To the Honorable United States Judge of Said Court:**

COME NOW, Matthews Rose (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, and respectfully file this Complaint against Polaris and Daniels Summit Lodge (hereinafter referred to as "Defendants").

In support hereof, the Plaintiff would state and show unto this Honorable Court the following

## I. Parties

1. At all times herein mentioned, Matthew Rose is an individual and resides in, is a citizen of and domiciled in Las Vegas, Nevada.

2. Defendant Polaris Industries, Inc. ("Polaris") is a corporation organized and existing according to the laws of the State of Minnesota with its principal place of business in Minnesota. Service of process upon this Defendant may be had by serving the registered agent for service, CT Corporation System, Inc. at 100 S. 5th Street, No.1075, Minneapolis, Minnesota.

3. Defendant Daniels Summit Lodge is a corporation organized and existing according to the laws of the State of Utah with its principal place of business in Utah. Service of process upon this Defendant may be had by serving the registered agent of service, Brent C. Hill, at 17000 South Highway 40, Midway, Utah 84049.

## II. Venue and Jurisdiction

4. Venue in the Central District of Utah is appropriate under 28 U.S.C. § 1391(a)(2), because a substantial part of the events giving rise to this complaint occurred in Utah.

5. This Court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332.

6. The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## III. Facts

7. On March 18, 2016, Matthew Rose was riding a Polaris 500 Indy 144 Snowmobile (VIN#SN1CR5BSXEC033587), traveling Daniels Summit Snowmobile Trail in or near Strawberry City, Duchesne County, Utah.

8. Matthew Rose used a snowmobile owned and maintained by Defendant Daniels Summit Lodge.

9. The subject snowmobile, the 2014 Polaris 550 Indy 144, was designed by Defendant Polaris.

10. The subject snowmobile, the 2014 Polaris 550 Indy 144, was manufactured by Defendant Polaris.

11. The subject snowmobile, the 2014 Polaris 550 Indy 144, was marketed by Defendant Polaris.

12. The subject snowmobile was also assembled and tested by Defendant Polaris.

13. While traveling on Daniels Summit Snowmobile Trail, the snowmobile Matthew Rose was using would not cease to accelerate eventually causing Mr. Rose to be thrown off the snowmobile into a wooden fence.

14. The snowmobile continued to travel approximately 300 yards until its progress was stopped by a tree. When found, the snowmobile was still operating with a stuck throttle/accelerator.

15. At the time of the accident, Matthew Rose was properly operating the snowmobile in a group of other riders.

16. However, despite properly operating the snowmobile, Plaintiff Matthew Rose sustained serious injuries when the snowmobile failed to operate as expected.

17. Polaris has claimed that they strive to produce the safest products for its consumers.

18. Polaris has claimed that it is always developing its products with safety in mind, and that it develops products carefully, cautiously, and with all due considerations.

19. Polaris has claimed that it is always trying to take leadership in the industry in the pursuit of superior performance for the sake of safety.

20. At this point, Defendant is in possession of all the technical materials and other documents regarding the design, manufacture, and testing (if any) of the snowmobile in question. Defendant is also in possession of what, if any, engineering analysis and testing it performed.

21. However, it is expected that after all of these materials are produced in discovery and after Defendant's employees and corporate representatives have been deposed, additional allegations may come to light.

### IV. Cause(s) of Action as to Defendant Polaris

22. It was entirely foreseeable to and well-known by Defendant Polaris that accidents and incidents involving its snowmobiles, such as occurred herein, would on occasion take place during the normal and ordinary use of said snowmobile.

23. In designing a snowmobile, efforts should be made by manufacturers to identify potential risks, hazards, and/or dangers that can lead to serious injury or death.

24. Once potential risks, hazards, and/or dangers are identified, then the potential risks,

hazards, or dangers should be eliminated if possible.

25. If the potential risks, hazards, and/or dangers can't be eliminated, then they should be guarded against.

26. If the potential risks, hazards, and/or dangers can't be eliminated or guarded against, they should at least be warned about.

27. A company that does not conduct a proper engineering analysis that would help it to identify potential risk, hazards, and/or dangers that could seriously injure someone is negligent.

28. The snowmobile in question was unreasonably dangerous in the event it should be involved in an incident such as occurred herein.

29. Defendant Polaris, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested said snowmobile in question.

30. As detailed herein, the snowmobile contains and/or Polaris has committed either design, manufacturing, marketing, assembling, and/or testing defects.

31. Defendant knew or should have known of safer alternative designs which would have prevented the serious injuries to the Plaintiff Matthew Rose.

32. In addition to the foregoing, Defendant Polaris, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested said snowmobile in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the snowmobile was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested because Defendant

knew and/or should have known of the following, non-exhaustive list of defects:

    a. the snowmobile failed to operate as required;

    b. the snowmobile failed to provide proper throttle/accelerator components;

    c. the snowmobile allowed sudden acceleration without any proper preventive measures;

    d. the snowmobile failed to have an throttle/accelerator components designed to prevent unintended acceleration;

    e. the snowmobile failed to include safety measures to prevent a stuck throttle/accelerator components in foreseeable conditions;

    f. the snowmobile failed to utilize throttle/accelerator components which prevent a stuck and/or frozen throttle/accelerator;

    g. the snowmobile failed to utilize throttle/accelerator components which abnormally wear in foreseeable conditions;

    h. the Defendant failed to do adequate testing; and/or

    i. the Defendant failed to conduct proper engineering analysis.

33. Defendant Polaris was negligent in the design, manufacture, assembly, marketing, and/or testing of the snowmobile in question.

34. The snowmobile was defective at the time it left Defendant Polaris' control.

35. Reasonable consumers would not have been aware of the defective condition of the snowmobile.

36. Plaintiff Matthew Rose was not aware of the defects in the subject snowmobile.

37. The foregoing acts and/or omissions of Defendant Polaris were a producing, direct, and/or proximate cause of the Plaintiff's serious injuries and Plaintiff's damages.

### V. Cause(s) of Action as to Defendant Daniels Summit Lodge

38. Daniels Summit Lodge owned and was responsible for the maintenance, repair and general upkeep of the subject snowmobile. Defendant Daniels Summit Lodge was negligent in its duty to maintain, repair and upkeep the snowmobile to prevent injuries to those who used them.

39. Defendant Daniels Summit Lodge's negligent acts and/or omissions include, but are not necessarily limited to, one of more of the following:

   a. Defendant Daniels Summit Lodge failed to properly inspect and/or report defects in the snowmobile;
   b. Defendant Daniels Summit Lodge failed to properly inspect for and/or report issues with the throttle/acceleration control components;
   c. Defendant Daniels Summit Lodge failed to properly repair throttle/acceleration control components;
   d. Defendant Daniels Summit Lodge failed to properly maintain the snowmobile, including but not limited to the throttle/acceleration control components;
   e. Defendant Daniels Summit Lodge failed to advise Matthew Rose of the inoperable throttle/acceleration system on the snowmobile;
   f. Defendant Daniels Summit Lodge failed to remove the snowmobile from operation until it could be properly repaired and/or inspected; and/or

   g. Defendant Daniels Summit Lodge permitted the snowmobile to be rented/utilized with a defective throttle/acceleration components.

40. The foregoing acts and/or omissions of Defendant Daniels Summit Lodge were a producing, direct, and/or proximate cause of the Plaintiff's serious injuries and Plaintiff's damages.

41. Defendant Daniels Summit Lodge was aware of the extreme degree of risk involved

considering the probability and magnitude of the potential risk and harm to others and nevertheless failed to observe even slight care; Defendant Daniels Summit Lodge was careless or reckless to a degree that shows utter indifference to the consequences that may result in the rights, safety, or welfare of those utilizing their snowmobiles, including Mathews Rose, and others.

42. Each of the acts or omissions described above, singularly or in combination with others, constitutes gross negligence. This gross negligence was a proximate cause of the occurrence made the basis of this action and the injuries and damages suffered by Matthew Rose.

43. Plaintiffs would respectfully show that the injuries to Matthew Rose were brought about by the gross negligence of Daniels Summit Lodge acting by and through its employees, agents, officers, and representatives in the course of their employment for Daniels Summit Lodge.

44. Accordingly, Daniels Summit Lodge should be held liable to Plaintiff for punitive or exemplary damages in an amount calculated to punish Daniels Summit Lodge and convey the message to the public that this type of carelessness or recklessness conduct showing utter indifference to the consequences of their acts and/or omissions will not be tolerated and will be appropriately punished. Plaintiff submits this issue to the jury because Plaintiff has suffered tremendous injuries and losses.

45. Additionally, Plaintiff will show that Defendant Daniels Summit Lodge fraudulently induced him into signing a waiver for the use of the snowmobile.

46. Defendant Daniels Summit Lodge gave false pretenses that the snowmobiles were maintained and repaired in a manner to make them safe for use. As such, Defendant Daniels Summit Lodge made a material misrepresentation as to the repair and/or maintenance of the snowmobiles, enticing Matthew Rose to enter into a contract for the use of the snowmobile under false pretenses.

47. Further, the contract for use of the snowmobile was vague and ambiguous regarding the potential risks and claims waived contrary to public policy.

## VI. Damages

48. Plaintiff seeks recovery for damages under any applicable statute and/or common law of the state of Utah.

49. As a result of the acts and/or omissions of Defendants, Plaintiff Matthew Rose, has endured pain and suffering, extreme emotional distress, mental anguish, impairment, disfigurement, interference with his daily activities, and a reduced capacity to enjoy life as a result of his serious injuries.

50. As a result of the acts and/or omissions of Defendants, Plaintiff Matthew Rose, has suffered a diminished earning capacity as a result of his serious injuries.

51. As a result of the acts and/or omissions of Defendants, Plaintiff Matthew Rose, has become obligated to pay extensive medical expenses in the past and, will continue in the future, as a result of his serious injuries.

52. The above and foregoing acts and/or omissions of Defendants, resulting in the serious

injuries to Plaintiff, has caused actual damages to Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court.

## VII. Conclusion and Prayer

53. For the reasons presented herein, Plaintiff prays that the Defendants be cited to appear and answer, and that upon a final trial of this cause, Plaintiff recover judgment against Defendants for:

   a. actual damages;
   b. economic and non-economic damages;
   c. prejudgment and post-judgment interest at the maximum legal rate provided by law;
   d. costs of suit; and
   e. all other relief, general and special, to which Plaintiff is entitled to at law and/or in equity, and/or which the Court deems proper.

DATED this 8th day of September, 2016.

SIEGFRIED & JENSEN

/S/ Brian Stewart
Brian Stewart
Attorney for Plaintiff

**PLAINTIFF'S ADDRESS:**

c/o Brian Stewart
SIEGFRIED & JENSEN
5664 S. Green Street
Murray, UT 84123

Plaintiff's Complaint
Page 10 of 10