# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| MATTHEW ROSE,<br><br>Plaintiff,<br><br>v.<br><br>POLARIS INDUSTRIES, INC. and DANIELS SUMMIT LODGE,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:16-cv-938-JNP-PMW<br><br>District Judge Jill. N. Parrish<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Jill N. Parrish referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Daniels Summit Lodge's ("Defendant") motion for protective order.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] Dkt. no. 17.

[2] Dkt. no. 25.

## BACKGROUND

On March 18, 2016, Matthew Rose ("Plaintiff") rented a Polaris 550 snowmobile from Defendant.[3] While operating the snowmobile, Plaintiff was injured when he collided with a wooden fence after being thrown off the snowmobile.[4] The snowmobile traveled an additional 300 yards before colliding with a tree, where, according to Plaintiff, it was found with a stuck throttle.[5]

Between the accident and the filing of the complaint, Plaintiff's attorney, Brian Stewart, requested a joint inspection of the snowmobile.[6] Mr. Stewart employed Dr. Robert R. Wright to perform the inspection, which was conducted in the presence of Defendant's counsel and expert.[7] After filing the complaint, Plaintiff retained additional counsel from Texas who specializes in product liability cases.[8] Upon examining the facts of this case, Plaintiff's new attorneys sought to have the expert they routinely use to testify in cases to inspect the snowmobile.[9] Defendant, however, refused Plaintiff's request for a second inspection and filed the instant motion.[10]

---

[3] Dkt. no. 2 at 3.

[4] *Id.*

[5] *Id.*

[6] Dkt. no. 25 at 2.

[7] *Id.*

[8] Dkt. no. 28 at 3.

[9] *Id.* at 4.

[10] Dkt. no. 25 at 3-4.

**DISCUSSION**

Defendant argues that allowing a second inspection of the snowmobile would be unreasonably cumulative or duplicative in light of Plaintiff's pre-litigation inspection. Because that inspection was meticulously recorded and photographed, Defendant contends that no new information would be unearthed at a second inspection. Additionally, Defendant claims that a second inspection would be unduly burdensome as it would (1) disrupt Defendant's snowmobile rental business in the peak season, (2) take Defendant's employees away from other duties to retrieve the snowmobile, (3) interfere with snowmobile rentals, and (4) affect customer confidence in snowmobile safety.

In response, Plaintiff argues that denying his additional expert and counsel access to the snowmobile would unduly prejudice him. Plaintiff contends that he should not be limited to a single, pre-lawsuit inspection conducted by a consulting expert because an expert who has not personally observed the machine may be discredited at trial. Additionally, Plaintiff argues that there is little to no additional burden or expense placed on Defendant because Defendant's attorneys and experts need not be present at the inspection.

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows for "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant" to a party's claim or defense. *Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991). That said, if the requested discovery is "unreasonably cumulative or duplicative, or can be obtained from a source that is more

convenient, less burdensome, or less expensive," the court is required to limit the frequency or extent of discovery. Fed. R. Civ. P. 26(b)(2)(C)(i). Additionally, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," by "forbidding the disclosure or discovery . . . ." Fed. R. Civ. P. 26(c)(1); *see also* DUCivR 26-2.

With these standards in mind, the court **DENIES** Defendant's motion. The court does not agree with Defendant that a second inspection is unreasonably duplicative. The first inspection occurred prior to the filing of Plaintiff's complaint and before Plaintiff had even determined that a lawsuit was necessary. It is not unreasonable that after filing his complaint, Plaintiff would seek additional counsel or a different expert, especially this early in the case. Additionally, no matter how thorough the first inspection, there is simply no substitute for an expert's own inspection of the machine. Furthermore, Plaintiff's expert could be challenged at or prior to trial if he did not personally inspect the machine. The court is also not persuaded that Defendant would suffer undue expense as it is unnecessary for Defendant's counsel, expert, or other employees to be present during the second inspection. Indeed, impressions made and discussed between counsel and Plaintiff's expert at the inspection might be protected as work-product.

Defendant's undue burden arguments are no more persuasive. It is difficult to see how an inspection of an out-of-commission snowmobile would disrupt Defendant's rental business. There will be no lost revenue from the rental of that particular machine, nor any other machine. Any expense Defendant incurs in digging out the machine from its warehouse is likely to be minimal. Furthermore, the inspection of a damaged snowmobile would not adversely impact Defendant's customer's confidence in the safety of its equipment. The inspection can occur in a

location where there is little reason for customers to know the inspection is taking place at all. Regardless, the peak snowmobiling season ends in early spring, which is now over. Therefore, inspection of the snowmobile will not significantly disrupt business, discourage customers, be too hard to access, or interfere with snowmobile rental.

For these reasons, Defendant's motion for a protective order is **DENIED**. Defendant is ordered to allow Plaintiff to perform the inspection at a mutually agreeable time. If the parties cannot come to an agreement, they may file an appropriate motion and the court will make that determination. Although Plaintiff's opposition memorandum is captioned as both a memorandum in opposition to Defendant's motion for a protective order and a motion to compel, it does not appear on the docket as a motion to compel.[11] That said, to the extent that Plaintiff's opposition memorandum is also a motion to compel, that motion is **GRANTED**.

Defendant requested that if the court denies its motion and requires a second inspection that the court also require Plaintiff to pay for Defendant's associated costs of the inspection. Because Defendant's counsel and/or expert are not required to be present at the inspection and the other costs associated with the inspection are de minimis, the court denies this request. Plaintiff's request for attorney's fees is likewise **DENIED**.

---

[11] Dkt. no. 28.

## CONCLUSION

Based on the foregoing, Defendant's motion for a protective order is **DENIED** and Plaintiff's motion to compel is **GRANTED**. Defendant is ordered to produce the snowmobile for inspection at a mutually agreeable time.

**IT IS SO ORDERED**.

DATED this 24th day of April, 2017.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge